**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| WALLIS KANE, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DAVOL INC., C. R. BARD, INC.,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) | Civil Action No.: 07-0575-CV-W-FJG<br><br>**ANSWER OF DAVOL INC. AND C.R. BARD, INC.** |

Defendants C.R. Bard, Inc. ("Bard") and Davol Inc. ("Davol"), by and through their counsel, answers the plaintiffs' Complaint (the "Complaint") as follows:

## NATURE OF THE ACTION

1. Bard and Davol admit that Davol is a subsidiary of Bard, and that Davol sells and distributes the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations or the allegations are conclusions of law. To the extent an answer is required, Bard and Davol deny those allegations.

## PARTIES

2. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 2 and therefore deny the allegation.

3. Bard and Davol admit that Davol is incorporated under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920 where in the past it conducted limited manufacturing of the Composix® Kugel® Hernia Patch. Answering further, Bard and Davol admit that at various times Davol designed, manufactured, distributed, marketed, and sold the Composix® Kugel®

Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of Missouri. Bard and Davol do not know what is meant by "tested," "analyzed," "recommended," "merchandised," "advertised," "promoted," or "supplied" beyond the meanings of designed, manufactured, distributed, marketed, and sold which have already been admitted so they deny these allegations.

4. Bard and Davol admit that Bard is incorporated under the laws of the State of New Jersey, and that Davol is its subsidiary. Bard and Davol deny the remaining allegations in Paragraph 4.

5. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

6. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**GENERAL ALLEGATIONS**

7. Bard and Davol admit that at various times Davol manufactured and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations of this paragraph state a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

8. Bard and Davol admit that a hernia may occur when stomach muscles are in a weakened state causing intestines to protrude through. Bard and Davol further admit that the Composix® Kugel® Hernia Patch is designed to treat soft tissue defects such as ventral herniae by prescribing physicians in accordance with its accompanying labeling information.

9. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 9 and therefore deny the allegation. Answering further, Bard

and Davol admit that a Bard subsidiary completed an asset purchase in January 2000 acquiring the Kugel product line. Bard and Davol further admit that Davol began marketing certain product codes of the Composix® Kugel® Hernia Patch in February 2001 with the remaining larger-sized product codes being marketed beginning in February 2002.

10. Bard and Davol deny the allegations as phrased. Bard and Davol admit that the Composix® Kugel® Hernia Patch is made partly of polypropylene mesh and is designed to treat soft tissue defects such as ventral hernias by prescribing physicians in accordance with its accompanying labeling information, but deny the remainder of the allegation. Answering further, Bard and Davol admit that the Composix® Kugel® Hernia Patch may be inserted behind a hernia defect through a small incision, and that Composix® Kugel® Hernia Patch's PET memory recoil ring is designed to assist in proper placement of the Composix® Kugel® Hernia Patch. Bard and Davol deny the remaining allegations.

11. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

12. This paragraph and its subparts (a) through (f) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

13. Denied. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval. Answering further, Bard and Davol admit that FDA classifies a Class I recall as its highest recall and that FDA characterizes such a recall as representing a reasonable chance that the product will cause serious health problems or death.

14. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval.

15. Bard and Davol admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Bard and Davol further state these products have since been returned to the market with FDA approval.

16. Bard and Davol admit that the Composix® Kugel® Hernia Patch was distributed internationally, including certain products encompassed in Davol's voluntary recalls. As to the remaining allegations in this paragraph, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

17. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

18. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

19. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

20. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

21. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## NAMED PLAINTIFF'S EXPERIENCE

22. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 22 and therefore deny the allegation.

23. Bard and Davol admit that at various times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. The remaining allegations are either conclusions of law to which no response is required or Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations. Accordingly, Bard and Davol deny the allegations.

24. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

25. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## PARTY PLAINTIFFS AND PLAINTIFF CLASS MEMBERS

26. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

27. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

28. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

29. This paragraph and its subparts (a) through (k) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph, and specifically denies that the questions enumerated are common to all or any meaningful subset of the putative class members.

30. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

31. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

32. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

33. This paragraph and its subparts (a) through (c) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT I**
**NEGLIGENCE AGAINST ALL DEFENDANTS**

34. In response to Paragraph 34 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

35. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

36. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

37. This paragraph and its subparts (a) through (h) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

38. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

39. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

40. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

41. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

42. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT II**
**STRICT LIABILITY: PRODUCT DEFECT AGAINST ALL DEFENDANTS**

43. In response to Paragraph 43 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

44. Bard and Davol admit that at various times Davol designed, manufactured, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the State of Missouri. Bard and Davol do not know what is meant by "labeled," "packaged," or "advertised" beyond the meanings of manufactured, marketed, and distributed which have already been admitted so they deny these allegations.

45. Bard and Davol admit that at various times Davol distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information for the surgical repair of soft tissue defects. As to the remaining allegations, either they are conclusions of law to which no response is required or Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations. Accordingly, Bard and Davol deny the allegations.

46. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 46 and therefore deny the allegation.

47. This paragraph and its subparts (a) through (c) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

48. This paragraph and its subparts (a) through (g) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

49. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph. As to the remaining allegations, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

50. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

51. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

52. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

53. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT III**
**STRICT LIABILITY: FAILURE TO WARN AGAINST ALL DEFENDANTS**

54. In response to Paragraph 54 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

55. Bard and Davol admit that at various times Davol designed, manufactured, marketed, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing

physicians in accordance with its accompanying labeling information within the United States, including the State of Missouri. Bard and Davol do not know what is meant by "labeled," "packaged," or "advertised" beyond the meanings of manufactured, marketed, and distributed which have already been admitted so they deny these allegations.

56. Bard and Davol admit that at various times Davol distributed and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information for the surgical repair of soft tissue defects. As to the remaining allegations, either they are conclusions of law to which no response is required or Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations. Accordingly, Bard and Davol deny the allegations.

57. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 57 and therefore deny the allegation.

58. This paragraph and its subparts (a) through (d) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

59. This paragraph and its subparts (a) through (g) states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

60. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph

61. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

62. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 62 and therefore deny the allegation.

63. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

64. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

65. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

66. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT IV**
**BREACH OF EXPRESS WARRANTY AGAINST ALL DEFENDANTS**

67. In response to Paragraph 67 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

68. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

69. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

70. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 70 and therefore deny the allegation. As to the remaining allegations, they are conclusions of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

71. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

72. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

73. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

74. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## COUNT V
## BREACH OF IMPLIED WARRANTY AGAINST ALL DEFENDANTS

75. In response to Paragraph 75 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

76. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

77. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

78. Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 78 and therefore deny the allegation.

79. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

80. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

81. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

82. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

83. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

**COUNT VI**
**VIOLATION OF THE MISSOURI MERCHANDISING PRACTICES ACT**

84. In response to Paragraph 84 of the Complaint, Bard and Davol incorporate by reference its responses to the allegations in all preceding paragraphs of the Complaint.

85. Bard and Davol admit that at various times Davol designed, manufactured, distributed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard and Davol do not know what is meant by "assembl[ed]" or "convey[ed]" beyond the meanings of manufactured and distributed which have already been admitted so they deny these allegations. As to the remaining allegations, Bard and Davol lack sufficient knowledge or information to form a belief as to the truth of the allegations and therefore deny the allegations.

86. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

87. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

88. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

89. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

90. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

91. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

92. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

93. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

94. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

95. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

96. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

97. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

98. This paragraph states a conclusion of law, and no answer is required. To the extent an answer is required, Bard and Davol deny the allegations of this paragraph.

## PRAYER FOR RELIEF

1. Plaintiffs' allegations fail to meet the requirements outlined in Fed. R. Civ. P. 23.

2. Bard and Davol deny that Plaintiffs are entitled to any award of damages, including costs for any periodic medical examinations. Bard and Davol further deny that any periodic medical examinations being sought are not necessary to detect or treat unrealized and speculative injuries on the part of Plaintiffs.

3. Bard and Davol deny Plaintiffs are entitled to any award of punitive or exemplary damages.

4. Bard and Davol deny Plaintiffs are entitled to any statutory damages under any consumer protection legislation.

5. Bard and Davol deny an award of attorneys' fees is warranted.

6. Bard and Davol deny an award of prejudgment interest and costs of this suit are warranted.

7. Bard and Davol deny that Plaintiffs are entitled to any relief from this or any other Court.

**SEPARATE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard and Davol upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar plaintiff's claims against Bard and Davol in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard and Davol in whole or in part.

4. Plaintiffs' Complaint has been improperly brought in the Western District of Missouri as it is an improper venue necessitating transfer to the proper venue.

5. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Missouri.

6. Plaintiffs' allegations fail to meet the requirements outlined in Fed. R. Civ. P. 23.

7. Bard and Davol state that if Plaintiffs have any product liability claims against Bard or Davol, which are denied, the same are barred or limited by some or all of the provisions of the Missouri Product Liability Act, R.S.Mo. §537.760, *et seq*.

8. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

9. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar plaintiffs' claims in whole or in part.

10. Plaintiffs, or their agents, including their physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

11. If plaintiff used a product sold by Bard or Davol, then plaintiffs' claims are barred, in whole or in part, because plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

12. Any alleged negligent or culpable conduct of Bard or Davol, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' alleged damages.

13. If plaintiffs sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of plaintiffs, including contributory negligence, contributory fault, comparative fault, assumption of the risk, failure to mitigate damages or any other "fault" as defined in R.S.Mo. §537.765; it further states that such acts, omissions or fault bar recovery by plaintiffs herein or in the alternative, if such acts, omissions or fault do not act as a complete bar, then such acts diminish plaintiffs' rights to recover herein in an amount based upon plaintiffs' relative degree of fault.

14. If plaintiffs used a product sold by Bard or Davol, plaintiffs used the product for off-label purposes, which bars the plaintiff's claims.

15. The learned intermediary doctrine bars plaintiffs' claims.

16. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

17. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

18. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

19. Plaintiffs' claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiffs' pre-existing medical conditions.

20. If plaintiffs suffered damages or injuries as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard and Davol are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard or Davol. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiffs' alleged injury or damages.

21. Bard and Davol state that if plaintiffs sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of plaintiffs or others, for whose conduct this defendant is not responsible; accordingly, it is entitled to an assessment of the relative degree of fault for all such persons and entities.

22. Plaintiff failed to mitigate, which limits plaintiffs' damages, if any, in whole or in part.

23. Bard and Davol have no legal relationship or privity with plaintiffs and owe no duty to plaintiffs by which liability could be attributed to it.

24. Bard and Davol made no warranties of any kind, express or implied, or any representations of any nature whatsoever to plaintiffs. If any such warranties were made, whether express or implied, which Bard and Davol specifically deny, then plaintiffs failed to give notice of any breach thereof. Moreover, Bard and Davol effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

25. Plaintiffs' causes of action are barred in whole or in part by plaintiffs' own comparative negligence.

26. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

27. If plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard or Davol product.

28. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard or Davol, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiffs may have suffered, if any.

29. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Bard's and Davol's rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the due process guarantees embodied in Article I of the Missouri Constitution.

30. To the extent that the applicable Missouri law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Bard and Davol and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Missouri Constitution.

31. To the extent plaintiffs' Complaint seeks punitive damages, such claims are barred because plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Missouri and/or other applicable laws.

32. To the extent plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

33. Bard and Davol hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Respectfully Submitted,

BAKER STERCHI COWDEN & RICE, L.L.C.

/s/ Kara T. Stubbs, Esq.
Kara Trouslot Stubbs MO #43414
2400 Pershing Road
Suite 500
Kansas City, MO 64108
Telephone: (816) 471-2121
Facsimile: (816) 472-0288
*ATTORNEYS FOR DEFENDANTS DAVOL INC. AND C.R. BARD, INC.*

`

OF COUNSEL:
Kirby T. Griffis, Esq.
Dana A. Gausepohl, Esq.
SPRIGGS & HOLLINGSWORTH
1350 I Street, NW, Suite 900
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of September, 2007, a true and correct copy of the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Thomas P. Cartmell, Esq.
Jeffrey M. Kuntz, Esq.
WAGSTAFF & CARTMELL, LLP
4740 Grand Avenue, Suite 300
Kansas City, MO 64112
-and-
Derek H. Potts, Esq.
Timothy Sifers, Esq.
THE POTTS LAW FIRM
715 May Street, Suite 100
Kansas City, MO 64105
*ATTORNEYS FOR PLAINTIFF*

/s/ Kara T. Stubbs, Esq.